## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                              **CIVIL ACTION NO. _____**

**LEONARD C. MIDKIFF and**
**DAVID CURTIS SCHMIDT AS TRUSTEE**
**of the LIONHEART TRUST,**

    **Defendants.**

### COMPLAINT OF THE UNITED STATES

The United States of America states claims against the Defendants, alleging as follows:

### NATURE OF THE ACTION

1.      By bringing this action, the United States requests that this Court:

    (a)     reduce to judgment the unpaid federal income liabilities for tax years 2004 and 2006 (referred to collectively as the **"Tax Liabilities"**) owed to the United States by Leonard C. Midkiff (**"Midkiff"**);

    (b)     enforce the federal tax liens that arose upon the assessments of the Tax Liabilities against real (immovable) property in Vernon Parish, Louisiana, nominally titled in the name of the Lionheart Trust comprising Parcel 1, Parcel 2, and Parcel 3 described and identified fully in paragraph 8 below [but not including Parcel 4 identified in paragraph 8] referred to collectively as the **"Property"** as is permitted under 26 U.S.C. § 7403

because Midkiff remains the true and equitable owner of the Property under various theories of Louisiana and/or federal common law; and

(c)     authorize the sale of such Property and direct that the proceeds of sale be applied to the Tax  Liabilities and the claims of the Defendants in the order determined by the Court.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

3.     This action is commenced under 26 U.S.C. § 7401 at the direction of the Attorney General of the United States with the authorization of and at the request of the Chief Counsel of the Internal Revenue Service, a duly authorized delegate of the Secretary of the Treasury.

4.     Venue is proper under 28 U.S.C. §§ 1391(b) and/or 1396 because Midkiff resides in the Western District of Louisiana and the Property upon which the federal tax liens are to be enforced is located within the District.

## THE PARTIES

5.     The Plaintiff is the United States of America.

6.     Defendant Leonard C. Midkiff resides in the Western District of Louisiana, is liable for the Tax Liabilities at issue, and is the true and equitable owner of the Property in Vernon Parish, Louisiana, nominally titled in the name of the Lionheart Trust upon which the United States seeks to have this Court enforce the federal tax liens that arose upon the assessments of the Tax Liabilities.

7.     Defendant David Curtis Schmidt as trustee of the  Lionheart Trust is named as a party to this action under 26 U.S.C. § 7403 because the Trust may claim an interest to or upon

the Property. The Trust constitutes a fictitious entity that purportedly is a self-styled
"unincorporated business organization" purportedly operating under a "Declaration of
Contractual UBO Organization dated December 5th, 2005" through an original Trustee named
David Curtis Schmidt of Forest Lake, Minnesota (and any successor to David Curtis Schmidt).
Lionheart Trust holds record title to the Property in Vernon Parish, Louisiana, in this District as
the nominee of Leonard C. Midkiff.

## THE PROPERTY

8.      The Property at issue in this action is the land with all improvements and
appurtenances thereto (including without limitation any residence or other structure thereon)
located at 1746 Cottonwood Road, Leesville, Louisiana 71446, in Vernon Parish, Louisiana,
which is more particularly described as follows:

(1)     **Parcel 1:**
Begin 660 feet east of southwest corner of SE ¼ of NE ¼, Section 22,
Township 1 South, Range 10 West, Venon Parish, Louisiana, thence run
north and parallel to west line of SE ¼ of NE ¼ 825 feet, East and parallel
to south line of SE ¼ of NE ¼ 660 feet to east line, thence south along
said east line 825 feet to southeast corner, west along south line 660 feet
more or less to Point of Beginning, (containing 12.50 acres) Less and
Except: Begin at the Southwest corner of the SE ¼ of the NE ¼ of
Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana,
thence East 660 Feet to Point of Beginning (containing 2.909 acres). Also
Less and Except: Begin at the Southeast corner of the SE ¼ of NE ¼ of
Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana,
and run North 633 feet for Point of Beginning:  Thence run West 129 feet,
South 252 feet, East 129 feet, North 252 feet back to Point of Beginning
(containing .746 acre).

(2)     **Parcel 2:**
Begin at the Northwest corner of the NE ¼ of SE ¼ of Section 22,
Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence
South 146.66 yards, West 264 yards, North 146.66 yards, East 264 yards
to Point of Beginning. Containing 8.00 acres, Less and Except one (1)
acre.

(3) **Parcel 3:**
Begin at the Northeast corner of the NE ¼ of the SE ¼, Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run South 440 feet more Or less for Point of Beginning:  Thence run West 420 Feet, North 105 feet, East 420 feet, South 105 feet to Point of Beginning, Containing 1.01 acres.

The above three parcels containing a total of 16.845 acres.

(4) **Parcel 4:**
Begin at the Southeast corner of the NE ¼ of the SW ¼ of Section 11, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence north along East line 363 Feet for Point of Beginning:  Thence continue along said east line 165 feet, Thence west parallel to south line 1320 feet more or less to a point on west line NE ¼ of SW ¼, thence south along said west line 165 feet, thence east 1320 feet More or less to Point of Beginning, containing 5 acres.

The three parcels described in (1), (2), and (3) above are referred to as "**Parcel 1, Parcel 2, and Parcel 3**" respectively. These three parcels are referred to collectively as the "**Property**." The property described in (4) above is referred to as "**Parcel 4.**" The Property upon which the federal tax liens for the Tax Liabilities are to be enforced does not include Parcel 4.

## COUNT ONE

### REDUCTION TO JUDGMENT OF THE UNPAID BALANCES OF THE 2004 AND 2006 FEDERAL INCOME TAX LIABILITIES OF LEONARD C. MIDKIFF

9.    For tax year 2004, Midkiff filed what purported to be a Form 1040 dated February 20, 2006, with the IRS requesting a federal income tax refund of $65,281.00.  This purported return omitted $290,565.00 in compensation that Horizon Establishment, ABC Viaticals, Inc., and Senior Wealth Care Insurance paid Midkiff during 2004.

10.   The IRS determined that the purported Form 1040 for 2004 (and supporting documentation submitted with it) was frivolous and, by letter dated March 11, 2006, offered Midkiff thirty days to submit a correct federal income tax return.  Midkiff failed to do so.

11.      Although Midkiff was required to file Form 1040 federal income tax returns for tax years 2005 and 2006, he failed to file these returns.

12.      On the dates and in the amounts set forth in the table below, a duly authorized delegate of the Secretary of the Treasury assessed tax, penalties, and interest against Midkiff for his federal income tax liabilities for tax years 2004 and 2006 in accordance with the deficiency procedures provided under 26 U.S.C. §§ 6211-6213:

| Year | Assessment Date | Tax | Penalties | Interest |
|------|-----------------|-----|-----------|----------|
| 2004 | 12/14/2009 | $97,210.00 | $  7,982.26*<br>$19,697.85**<br>$  2,447.05*** | $17,592.95 |
|      | 11/04/2013<br>11/03/2014<br>11/09/2015<br>11/07/2016 | | | $11,266.91<br>$  2,766.85<br>$  2,911.65<br>$  3,539.81 |
| 2006 | 04/19/2010 | $  3,604.00 | $      564.80*<br>$      686.93**<br>$      141.58***<br>$      895.05*<br>$      198.44* | $      699.05 |
|      | 10/29/2012<br>11/04/2013<br>11/03/2014<br>11/09/2015<br>11/07/2016 | | | $      652.76<br>$      182.10<br>$      191.30<br>$      232.73 |

(1)      * Late payment penalty
(2)      ** Failure to file penalty
(3)      *** Estimated tax penalty

13.      As provided by law, the IRS gave Midkiff notice of the assessments regarding his federal income tax liabilities for tax years 2004 and 2006 (described in paragraph 12 above) and made demand for payment upon Midkiff for these liabilities. Despite notice of these assessments and demand for payment, Midkiff has failed to pay the amounts assessed against him, plus the additional interest, penalties, and other applicable statutory additions that have continued to

5

accrue since the assessments of the 2004 and 2006 liabilities. Consequently, after application of all payments and credits from all sources to the 2004 and 2006 federal income tax liabilities of Midkiff, there remains due and owing to the United States from Midkiff as of  December 11, 2019, the sum of **$123,809.09,** plus interest and statutory additions thereon thereafter as provided by law.

## COUNT TWO

### FORECLOSURE OF THE FEDERAL TAX LIENS ON THE PROPERTY (PARCEL 1, PARCEL 2, AND PARCEL 3)

14.     The United States restates and realleges paragraphs 1 through 13 of this Complaint as if the contents of those paragraphs were fully set forth in this paragraph 14.

### Federal Tax Liens and Notices of Their Filing

15.      By virtue of the assessments described in paragraph 12, federal tax liens for the unpaid Tax Liabilities of Midkiff arose under 26 U.S.C. §§ 6321 and 6322 on the dates each of the internal revenue tax liabilities comprising the Tax Liabilities was assessed and attached to all property and rights to property of Midkiff, whether acquired before or after the liens arose, including without limitation Midkiff's undivided full interest in the Property described in paragraph 8.

16.     The IRS filed two Notices of Federal Tax Lien concerning the federal tax liens for the Tax Liabilities that Midkiff owes (as described in paragraphs 13 and 15 above) with the Clerk of Court of Vernon Parish, Louisiana.  The first Notice of Federal Tax Lien, concerning the liens for tax years 2004 and 2006 comprising the Tax Liabilities, was filed of record on January 31, 2011, as Instrument No. 629499 at Book 1062, Page 771

of the mortgage records of Vernon Parish.  A copy of  this Notice of  Federal Tax Lien is attached is attached hereto as **Exhibit 1**.

17.     A second Notice of Federal Tax Lien, concerning the liens for Midkiff's 2004 and 2006 Tax Liabilities, was filed of record on May 28, 2014, as Instrument No. 660102 at Book 1548, Page 265 of the mortgage records of  Vernon Parish.  This Notice identifies the taxpayer as "Lionheart Trust as nominee of Leonard C. Midkiff" and attaches only to the property identified in the exhibit attached to the Notice.  This property consists of Parcel 1, Parcel 2, and Parcel 3 that collectively comprise the Property at issue in this case.  A copy of this Notice of Federal Tax Lien is attached hereto as **Exhibit 2**.

## Status of Record Title Since Midkiff Acquired the Property

18.     Midkiff originally acquired Parcel 1, Parcel 2, Parcel 3, and Parcel 4 from Neulan David Midkiff and Irene Fee Midkiff by Cash Sale Deed dated July 16, 2003, that was filed of record on August 11, 2003 in the conveyance records of Vernon Parish, Louisiana, as Instrument No. 565597 at Book 1093, Page 297. The Cash Sale Deed stated that the sale to Midkiff was made for consideration of $80,000.00.  A copy of the Cash Sale Deed is attached hereto as **Exhibit 3**.

19.     By Deed dated December 5, 2005, Midkiff purportedly transferred record title to Parcel 1, Parcel 2, Parcel 3, and Parcel 4 in fee simple to the Lionheart Trust for the stated consideration of "one dollar and other good and valuable consideration."  This Deed was filed of record on January 6, 2006, in the conveyance records of Vernon Parish, Louisiana, as Instrument No. 585567 at Book 1188, Page 66.  A copy of this Deed is attached hereto as **Exhibit 4**.

7

20.      By Deed dated February 25, 2008, the Lionheart Trust (purportedly acting through its Trustee David Curtis Schmidt) purportedly transferred record title to Parcel 4 in fee simple to Irene Midkiff for the stated consideration of "one dollar and other good and valuable consideration." This Deed was filed of record on March 5, 2008, in the conveyance records of Vernon Parish, Louisiana, as Instrument No. 605012 at Book 1277, Page 113.  A copy of this Deed is attached hereto as **Exhibit 5**.

### Allegations Regarding the Fictitious Nature of the Lionheart Trust and Its Function As the Nominee of Midkiff with Regard to the Property

21.      On January 6, 2006, a Certificate of Trust Agreement By Contract dated December 5, 2005, regarding the Lionheart Trust was filed of record in the conveyance records of Vernon Parish, Louisiana, as Instrument No. 585566 at Book 1188, Page 65.  A copy of this Certificate is attached hereto as **Exhibit 6**.

22.      The Certificate, signed by David Curtis Schmidt as the Trustee of the Lionheart Trust, purports to certify statements made by Mark David Maxwell as the purported Settlor of the Lionheart Trust.  The Certificate states that the Lionheart Trust was created on December 5, 2005, by a Contract Trust Agreement titled the "LIONHEART TRUST" executed by Mark David Maxwell as its Settlor. Paragraph 4 of the Certificate identifies David Curtis Schmidt as the Trustee empowered to act under the Contract Trust Agreement as of the time of the execution of the Certificate.  Without identifying any Trust property, paragraph 5 of the Certificate authorizes the Trustee to administer the real and personal property of the Trust.  Paragraph 6 of the Certificate states that, "The Contract Trust Agreement cannot be revoked."

23.      The purported settlor of the Trust, Mark David Maxwell, was convicted on December 16, 2009, on one count of conspiracy to defraud the United States (through the IRS)

and two counts of aiding and assisting in the preparation of a false tax return based on Maxwell's

activities from 2001 to 2004.  The Eighth Circuit upheld Maxwell's convictions.  United States

v. Maxwell, 643 F.3d 1096 (8th Cir. 2011).  In describing one of the three schemes that Maxwell

and his coconspirators marketed to their clients, the Eighth Circuit observed:

> The first [scheme] was to masquerade individuals as trusts. Clients would
> file a Form 1041, the income-tax return form for estates and trusts, rather
> than a Form 1040, the form for individuals.  They would include all of their
> individual income as "trust" income, only to turn around and enter a
> deduction in that same amount, ostensibly the "fiduciary fee" for managing
> the trust.  The net result was that the form showed zero taxable income.

643 F.3d 1098. Regarding this scheme, Paragraph 10 of the Indictment in the underlying case

(Document 6 in Case No. 08-CR-270 (D. Minn.)) alleged in pertinent part that:

> By deducting all or nearly all of the income reported on a Form 1041, the
> individual reported little or no taxable income and little or no taxes owed.
> The individual then fraudulently claimed a refund of all or nearly all of
> the federal income tax which had been withheld.

24.    At the time of the formation of the Lionheart Trust on or about December 5, 2005,

Midkiff:  (a) had received hundreds of thousands of dollars of employee and nonemployee

compensation during 2004 and 2005; (b) had made inadequate or no estimated federal tax

payments or withholding payments; and (c) on information and belief, likely was contemplating

filing the frivolous Form 1040 for 2004 dated February 20, 2006, discussed in paragraphs 9 and

10 above.

25.    On information and belief, throughout the periods during which it purportedly

has existed and in which it has held record title to the Property, the Lionheart Trust has never:

9

a.  registered with or filed any documents of any sort with the Secretaries of State of the States of Louisiana, Minnesota, or any other state of the United States evincing its existence or operations; or

b.  filed any state or federal income tax, employment tax, or other tax return with the Internal Revenue Service or any state or local governmental unit of any state of the United States; or

c.  conducted any business operations or business activities, including owning or selling any real or personal property; or

d.  had any employees or independent contractors to whom it paid any compensation for any services rendered to the Lionheart Trust.

26.   With regard to the purported transfer of record title to Parcel 1, Parcel 2, Parcel 3, and Parcel 4 from Midkiff to the Lionheart Trust on January 6, 2006 (described in paragraph 19 above), Midkiff received either no consideration or grossly inadequate consideration from the Lionheart Trust.

27.   Since January 6, 2006, Midkiff has continued to exercise dominion and control over the Property (Parcel 1, Parcel 2, and Parcel 3) without interference from or involvement by the Lionheart Trust.  Midkiff has continued to use and enjoy the residence on the Property as his primary residence and to pay the expenses associated with maintaining the residence as he did before the purported transfer of the Property to the Lionheart Trust.

**Grounds for the Relief of Foreclosure of the Federal Tax Liens**

28.   As alleged in paragraphs 12 and 15  above, federal tax liens for the 2004 and 2006 federal income tax liabilities of Midkiff arose on December 14, 2009, and April 19, 2010, and

10

attached to all property and rights to property of Midkiff, including his undivided interest in the Property (Parcel 1, Parcel 2, and Parcel 3).  These liens should be enforced against the Property on the following alternative legal grounds:

    a.    the Lionheart Trust did not become a purchaser of the Property under Section 6323(h)(6) of the Internal Revenue Code through the purported transfer described in the allegations in paragraph 19 or otherwise because the Lionheart Trust paid Midkiff either no consideration or grossly inadequate consideration for its purported acquisition of the Property;

    b.    the Lionheart Trust holds record title to the Property (Parcel 1, Parcel 2, and Parcel 3) as the nominee of Midkiff based on, among other factors, the following:

        1.    the Lionheart Trust paid no consideration or grossly inadequate consideration for the Property;

        2.    Midkiff has continued either to reside at or control and enjoy the benefits and burdens of ownership of the Property after the purported transfer just as he did before the purported transfer;

        3.    Midkiff placed record title to the Property in the name of the Lionheart Trust knowing that he had not timely filed his federal income tax return for 2004 and that he did not intend to pay his substantial federal income tax liability for that year (as was confirmed in the frivolous Form 1040 for 2004 dated February 20, 2006, that he subsequently filed); and

4.     Midkiff has continued to maintain record title of the Property in the Lionheart Trust knowing that he was not filing federal income tax returns for 2005, 2006, and later years while he was earning substantial income subject to federal income tax in many, if not all, of those years and failing to pay his federal income tax liabilities for those years; and

c.     Midkiff's purported transfer of the Property to the Lionheart Trust (described in paragraph 19 above) constituted a simulated and fraudulent scheme and device arranged by Midkiff for the purpose of disguising his property and rights to property and placing such property and rights to property beyond the reach of his creditors, including the United States. Accordingly, the purported transfer should be disregarded and deemed a simulation having no existence in fact (as provided in La. Civ. Code arts. 2025 and 2026) and Midkiff should be recognized as the true and equitable owner of the Property.

WHEREFORE, the United States of America prays for judgment as follows:

A.     That this Court order and adjudge that Leonard C. Midkiff is indebted to the United States for his unpaid federal income tax liabilities for tax years 2004 and 2006 in the amount of **$123,809.09** as of December 11, 2019, plus interest and statutory additions thereon thereafter as provided by law, minus any credits or payments applied thereto after December 11, 2019;

B.      That this Court order, adjudge, and decree that the United States has valid federal tax liens to and upon all property and rights to property, both real and personal, tangible and intangible, of Leonard C. Midkiff for his 2004 and 2006 federal income tax liabilities described in paragraph 13, including without limitation his interest in the Property (Parcel 1, Parcel 2, and Parcel 3) described in paragraph 8 above located in Vernon Parish, Louisiana;

C.      That this Court determine and adjudge that because the Lionheart Trust holds record title to the Property solely as the nominee of Leonard C. Midkiff and because Midkiff placed such record title in Lionheart Trust through a simulation under Louisiana law, such purported transfer of the Property should be disregarded and determined to have no existence in fact; and further determine and adjudge that Midkiff has remained the true and equitable owner of the Property at all times since he acquired the Property on July 16, 2003;

D.      That the Defendants herein be required to state and assert all their claims upon and interests in the Property described in paragraph 8 above and that the Court rank such claims vis-a-vis the claims of the United States to and upon the Property;

E.      That this Court determine, order, adjudge, and decree that:

(1)      the federal tax liens of the United States for the federal income tax liabilities of Leonard C. Midkiff for tax years 2004 and 2006 be foreclosed upon the Property (Parcel 1, Parcel 2, and Parcel 3) described in paragraph 8 above;

(2)      the Property be sold in accordance with the law and practice of this Court, the findings of this Court, and the rights of the United States, free and

clear of any right, title, lien, claim, or interest of any party hereto, their

heirs, estates, or assigns; and

(3)     that the proceeds of such sale belonging to Midkiff be distributed to the

United States in accordance with the priority of its claims or interests to

or upon Midkiff's interest in the Property vis-à-vis the claims of the other

parties as determined by this Court; and

F.      That the United States have its costs in this action and such other and further

relief to which the United States shows it is entitled and that the Court deems appropriate in

the premises.

DAVID C. JOSEPH
United States Attorney
Western District of Louisiana

CRISTINA WALKER
Louisiana Bar Roll No. 8497
Assistant United States Attorney
Office of the United States Attorney
Western District of Louisiana
300 Fannin Street
Suite 3201
Shreveport, Louisiana  71101-3068
Telephone: (318) 676-3600
Facsimile: (318) 676-3642
Cristina.walker@usdoj.gov

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
  General
Tax Division

/s/Robert E. Dozier
ROBERT E. DOZIER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6073
Facsimile: (202) 514-9868
robert.e.dozier@usdoj.gov

**Counsel for the United States of America**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

Leonard C. Midkiff
David Curtis Schmidt, Trustee of the Lionheart Trust

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert E. Dozier, U.S. Dept. of Justice, Tax Division, P.O. Box 14198,
Ben Franklin Station, Washington, D.C. 20044 (202) 514-6073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 U.S.C. 7402(a)

Brief description of cause:
Reduce internal revenue tax liabilities to judgment and foreclose federal tax liens on residence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
123,809.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions).*

JUDGE _____   DOCKET NUMBER _____

DATE
12/13/2019

SIGNATURE OF ATTORNEY OF RECORD
Robert E. Dozier

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# Vernon Parish Recording Page

**Jeffery K Skidmore**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA 71446
(337) 238-1384

**Received From :**

**First MORTGAGOR**

MIDKIFF LEONARD C

**First MORTGAGEE**

-UNITED STATES

**Index Type :**   MORTGAGES

**Type of Document : TAX LIEN**

**Recording Pages :**          1

**Instrument # :** 629499

**Book :** 1062          **Page :** 771

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Vernon Parish, Louisiana

On (Recorded Date) : 01/31/2011

At (Recorded Time) : 12:00:00AM

Doc ID - 001981330001

CLERK OF COURT
JEFFERY K SKIDMORE
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 01/31/2011 at 12:00:00
File Number      629499
Recorded in Book  1062   Page   771

Deputy Clerk



**Return To :**

Do not Detach this Recording Page from Original Document

629499

| Form 668 (Y)(c)<br>(Rev. February 2004) | 3514 | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | |
|---|---|---|---|

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>Lien Unit Phone: (800) 829-3903 | Serial Number<br><br>745746511 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer LEONARD C MIDKIFF

Residence      1746 COTTONWOOD RD
                       LEESVILLE, LA 71446-7949

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | XXX-XX-2164 | 12/14/2009 | 01/13/2020 | 79679.14 |
| 1040 | 12/31/2006 | XXX-XX-2164 | 04/19/2010 | 05/19/2020 | 5145.36 |

| Place of Filing | Clerk of Court<br>Vernon Parish<br>Leesville, LA 71446 | Total | $ | 84824.50 |
|---|---|---|---|---|

This notice was prepared and signed at _____ NASHVILLE, TN _____ , on this,

the ___21st___ day of ___January___ , ___2011___.

| Signature<br><br>for FRED BANKS | Title<br>ACS<br>(800) 829-3903 | 25-00-0008 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

00771

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Book: 1062 Page: 771 Instrument Number: 629499 Seq: 1

# Vernon Parish Recording Page

**Jeffery K Skidmore**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA 71446
(337) 238-1384

**Received From :**
SUSAN MONTET
LAFAYETTE, LA 70503

**First MORTGAGOR**

LIONHEART TRUST

**First MORTGAGEE**

UNITED STATES DEPT OF TREASURY

—                                                                          —

**Index Type :**   MORTGAGES                                **Instrument # :** 660102

**Type of Document :** TAX LIEN

**Book :** 1548      **Page :** 265

**Recording Pages :**            3

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for  Vernon Parish, Louisiana

On (Recorded Date) : 05/28/2014

At (Recorded Time) : 11:57:52AM

Doc ID - 002792380003

CLERK OF COURT
JEFFERY K SKIDMORE
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 05/28/2014 at 11:57:52
File Number     660102
Recorded in Book  1548  Page  265

Deputy Clerk


GOVERNMENT'S
EXHIBIT
2
PENGAD 800-631-6989

**Return To :**
SUSAN MONTET
LAFAYETTE, LA 70503

Do not Detach this Recording Page from Original Document

Form 668(Y)
(Rev. 10-1999)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Small Business / Self Employed - Area: 5 | Serial Number<br>101255314 | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
Lionheart Trust as nominee of
Leonard C Midkiff

**Residence**
1746 Cottonwood Rd
Leesville, LA 71446

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ended<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | xxx-xx-2164 | 12/14/2009 | 01/13/2020 | $91,048.05 |
| 1040 | 12/31/2006 | xxx-xx-2164 | 04/19/2010 | 05/19/2020 | $5,996.56 |

THIS SPECIAL CONDITION LIEN NOTICE ATTACHES ONLY TO THE SPECIFIED PROPERTY DESCRIBED IN THE ATTACHED EXHIBIT.

| Place of Filing<br>Clerk of Court<br>Vernon Parish<br>Leesville, LA  71446 | Total | $97,044.61 |
|---|---|---|

This notice was prepared and signed at Lafayette, LA, on this, the ___21st___ day of ___May___, 2014.

| Signature<br>_S. Montet_<br>S. MONTET, Employee # - 72-15004 | Title<br>REVENUE OFFICER, Phone # - (337)354-8816 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 1 – Recording Office     Form 668(Y) (Rev. 10-1999)

**Book: 1548 Page:  265 Instrument Number: 660102 Seq: 2**

Case 2:19-cv-01597 Document 1-2 Filed 12/13/19 Page 5 of 16 PageID #: 21

Lionheart Trust, nominee of Leonard C Midkiff Exhibit

The following described property situated in Vernon Parish, Louisiana, to-wit:

(1) Begin 660 feet east of southwest corner of SE ¼ of NE ¼ , Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run north and parallel to west line of SE ¼ of NE ¼ 825 feet, East and parallel to south line of SE ¼ of NE ¼ 660 feet to east line, thence south along said east line 825 feet to southeast corner, west along south line 660 feet more or less to Point of Beginning, (containing 12.50)acres) Less and Except: Begin at the Southwest corner of the SE ¼ of the NE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence East 660 Feet to Point of Beginning (containing 2.909 acres). Also Less and Except: Begin at the Southeast corner of the SE ¼ of NE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, and run North 633 feet for Point of Beginning: Thence run West 129 feet, South 252 feet, East 129 feet, North 252 feet back to Point of Beginning (containing .745 acre).

(2) Begin at the Northeast corner of the NE ¼ of SE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence South 146.66 yards, West 264 yards, North 146.66 yards, East 254 yards to Point of Beginning. Containing 8.00 acres, Less and Except one (1) acre.

(3) Begin at the Northeast corner of the NE ¼ of the SE ¼, Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run South 440 feet more Or less for Point of Beginning: Thence run West 420 feet, North 105 feet, East 420 feet, South 105 feet to Point of Beginning, containing 1.01 acres.

The above three parcels containing a total of 16.845 acres.

## Vernon Parish Recording Page

**Willie Deon**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA 71446
(337) 238-1384

**Received From :**

**First VENDOR**

MIDKIFF NEULAN DAVID

**First VENDEE**

MIDKIFF LEONARD CRAIG

**Index Type :** Conveyances

**Type of Document :** Deed

**Recording Pages :** 2

**Inst Number :** 565597

**Book :** 1093        **Page :** 297

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Vernon Parish, Louisiana

On (Recorded Date) : 08/11/2003

At (Recorded Time) : 12:00:00AM

CLERK OF COURT
WILLIE DEON
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 08/11/2003 at 12:00:00
Recorded in Book 1093  Page  297
File Number    565597

_____
Deputy Clerk

Doc ID - 001496570002

**Return To :**



Do not Detach this Recording Page from Original Document

*See INST. 573228 for*
*Revocation of Usufruct*
*filed July 13, 2004.*
*J. Gill Dy Clerk*

565597

FILED

2003 AUG 11 PM 12 05

*Linda S. Clancy*
DY. CLERK OF COURT
VERNON PARISH. LA.

CASH SALE DEED

STATE OF LOUISIANA

PARISH OF VERNON

BE IT KNOWN, That this day before me, the undersigned, Notary Public in and for said parish and state, duly commissioned and sworn, came and appeared

**Neulan David Midkiff** (SS# 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) and **Irene Fee Midkiff** (SS# 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), husband and wife, whose address is 1746 Cottonwood Road, Leesville, LA 71446

Who declared that they do by these presents GRANT, BARGAIN, SELL, CONVEY AND DELIVER, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, unto

**Leonard Craig Midkiff** (SS# 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), whose address is 1746 Cottonwood Road, Leesville, LA 71446

The following described property situated in Vernon Parish, Louisiana, to-wit:

    (1) Begin 660 feet east of southwest corner of SE ¼ of NE ¼ , Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run north and parallel to west line of SE ¼ of NE ¼ 825 feet, East and parallel to south line of SE ¼ of NE ¼ 660 feet to east line, thence south along said east line 825 feet to southeast corner, west along south line 660 feet more or less to Point of Beginning, (containing 12.50 acres) Less and Except: Begin at the Southwest corner of the SE ¼ of the NE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence East 660 Feet to Point of Beginning (containing 2.909 acres). Also Less and Except: Begin at the Southeast corner of the SE ¼ of NE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, and run North 633 feet for Point of Beginning: Thence run West 129 feet, South 252 feet, East 129 feet, North 252 feet back to Point of Beginning (containing .746 acre).

    (2) Begin at the Northeast corner of the NE ¼ of SE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence South 146.66 yards, West 264 yards, North 146.66 yards, East 264 yards to Point of Beginning, Containing 8.00 acres, Less and Except one (1) acre.

    (3) Begin at the Northeast corner of the NE ¼ of the SE ¼, Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run South 440 feet more Or less for Point of Beginning: Thence run West 420 feet, North 105 feet, East 420 feet, South 105 feet to Point of Beginning, containing 1.01 acres.

The above three parcels containing a total of 16.845 acres.

    (4) Begin at the Southeast corner of the NE ¼ of the SW ¼ of Section 11, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence north along East line 363

· 297

Feet for Point of Beginning: Thence continue north along said east line 165 feet,
Thence west parallel to south line 1320 feet more or less to a point on west line
NE ¼ of SW ¼ , thence south along said west line 165 feet, thence east 1320 feet
More or less to Point of Beginning, containing 5 acres.

DESCRIPTION FURNISHED BY PARTIES – TITLE NOT EXAMINED BY NOTARY

To Have And To Hold said described property unto said purchaser, his heirs and
assigns forever.

This sale is made for the consideration of the sum of Eighty thousand and no/100
Dollars.  The vendors Neulan David Midkiff and/or Irene Fee Midkiff will retain usufruct
of said property until their demise.

Done and Passed in Leesville, LA, Vernon Parish, Louisiana in the presence of the
two undersigned witnesses and me said Notary on this 16th day of July 2003.


_____          _____
Neulan David Midkiff                                       Irene Fee Midkiff


WITNESSES:

_____

Pamela Bennett
_____


                                                    _____
                                                                   NOTARY

298

# Vernon Parish Recording Page

**Willie Deon**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA 71446
(337) 238-1384

**Received From :**

**First VENDOR**
MIDKIFF LEONARD CRAIG

**First VENDEE**
LIONHEART TRUST

—

| | |
|---|---|
| **Index Type :** Conveyances | **Inst Number :** 585567 |
| **Type of Document :** Deed | |
| | **Book :** 1188 **Page :** 66 |
| **Recording Pages :** 3 | |

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Vernon Parish, Louisiana

On (Recorded Date) : 01/06/2006

At (Recorded Time) : 12:00:00AM

Doc ID - 001438520003

CLERK OF COURT
WILLIE DEON
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 01/06/2006 at 12:00:00
Recorded in Book 1188 Page 66
File Number 585567

Deputy Clerk

**GOVERNMENT'S EXHIBIT**
4

**Return To :**

Do not Detach this Recording Page from Original Document

**585567**

**DEED**

FILED

2006 JAN  6 PM 2 52

~~Quila S Chaney~~
BY. CLERK OF COURT
VERNON PARISH, LA.

For Recorders Use Only

The grantor, Leonard Craig Midkiff, 1746 Cottonwood Road, Leesville, Louisiana (71446)

for and in consideration of the sum of  one dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, hereby sets over, releases, transfers, assigns, exchanges and conveys in fee simple unto David Curtis Schmidt, 1401 14th Ave SE, Forest Lake, Minnesota (55025) of the County of Washington, as Trustee under the terms and provisions of a certain Declaration of Contractual UBO Organization dated December 5th, 2005 known as LIONHEART TRUST, an unincorporated business organization, and to any and all successors as UBO appointed under said Declaration, or who may be legally appointed, the following described real estate:

see attached Legal Description incorporated herein, subject to unpaid taxes and all matters of record, together with the tenements, hereditaments and appurtenances belonging or in any wise thereunto appertaining.

Permanent Real Estate Index Number(s): 565597

Address(s) of real estate: 1746 Cottonwood Road, Leesville, Louisiana (71446)

TO HAVE AND TO HOLD said real estate and appurtenances thereto upon the UBO's set forth in said Declaration and of the following uses:

The UBO, is invested with the following powers: (a) to manage, improve, divide or subdivide the UBO property or any part thereof; (b) to sell on any terms, grant options to purchase, contract to sell, to convey with or without consideration, to convey to a successor or successors in UBO, any or all of the title and estate of the UBO, and grant to such successor or successors in UBO all the powers vested in the UBO; (c) to mortgage, encumber or otherwise transfer the UBO property, or any interest therein, as security for advances or loans; (d) to dedicate parks, streets, highways, or alleys, and to vacate any portion of the premises; (e) to lease and enter into leases for the whole or part of the premises, from time to time, but any such leasehold or renewal shall not exceed a single term of 199 years, and to renew, extend or modify any existing lease.

Any party dealing with the UBO with regard to the UBO property, whether by contract, sale, mortgage, lease or otherwise, shall neither be required to see to the application of the purchase money, loan proceeds, rental or other consideration given, nor shall be required to see that the terms of the UBO have been complied with or to inquire into the powers and authority of the UBO.  The execution of every contract, option, deed, mortgage or other instrument dealing with the UBO property, shall be conclusive evidence in favor of every person relying upon or claiming under such conveyance or other instrument:  that at the time of the execution and delivery of any of the aforesaid instruments, the Declaration above described was in full force and effect, that said instrument executed was pursuant to and in accordance with the authority granted the UBO and is binding upon the certificate holder(s) under said Declaration, and if said instrument is executed by a successor or successors in UBO, that he or they were duly appointed and are fully invested into the title estate, rights, powers and duties of the preceding UBO.

066

The interest of each and every certificate holder under said Declaration and of all persons claiming under any of the certificate holders, shall be only in the distributions made from the UBO, if any; and the certificate holder(s) of the UBO shall not have any title or interest in any UBO property, legal or equitable.

Subject only to the matters above set forth, grantor warrants unto grantee that grantor has good and marketable title to said premises free of encumbrance, has good right to convey same, has indefeasible fee simple title to same, that grantee shall quietly enjoy possession of same and that grantor will forever warrant and defend title to same against all persons claiming by, through or under grantor.

The Grantor hereby waives and releases any and all right and benefit under and by virtue of the Statutes of the state of Louisiana providing for the exemption of homestead from sale or execution or otherwise.

To have and to hold unto grantee, its heirs, successors and assigns, forever.

DATED this day 5th day of December, 2005.

Signed:

Name printed: Leonard Craig Midkiff

Witness:                                                    Witness:

Name printed: David Curtis Schmid          Name printed: Brian Keith Scott

### ACKNOWLEDGMENT

State of Minnesota
County of _____              ss.

I, _____ the undersigned, a Notary Public in and for said County, in the state aforesaid, DO HEREBY CERTIFY that Leonard Craig Midkiff, personally known to me to be the same natural person who is described in and who executed the within instrument, personally appeared before me this day, and acknowledged that he signed, sealed and delivered the said instrument ashis free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead, all this day and given under my hand and official seal this 5th Day of December, 2005.  My commission expires:

_____ (SEAL)
NOTARY PUBLIC

BRADLEY J. FREIMARK
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

This instrument was prepared by Leonard Craig Midkiff, 1746 Cottonwood Road, and Leesville, Louisiana (71446).

Mail Recorded Deed to LIONHEART TRUST and send subsequent real estate tax bills to:

LIONHEART TRUST
1401 14th Ave SE
Forest Lake, Minnesota 55025

The following described property situated in Vernon Parish, Louisiana, to-wit:

(1) Begin 660 feet east of southwest corner of SE ¼ of NE ¼ , Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run north and parallel to west line of SE ¼ of NE ¼ 825 feet, East and parallel to south line of SE ¼ of NE ¼ 660 feet to east line, thence south along said east line 825 feet to southeast corner, west along south line 660 feet more or less to Point of Beginning, (containing 12.50 acres) Less and Except: Begin at the Southwest corner of the SE ¼ of the NE ¼ of Section 22, Town-Ship 1 South, Range 10 West, Vernon Parish, Louisiana, thence East 660 Feet to Point of Beginning (containing 2.909 acres).  Also Less and Except: Begin at the Southeast corner of the SE ¼ of NE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, and run North 633 feet for Point of Beginning:  Thence run West 129 feet, South 252 feet, East 129 feet, North 252 feet back to Point of Beginning (containing .746 acre).

(2) Begin at the Northeast corner of the NE ¼ of SE ¼ of Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence South 146.66 yards, West 264 yards, North 146.66 yards, East 264 yards to Point of Beginning, Containing 8.00 acres, Less and Except one (1) acre.

(3) Begin at the Northeast corner of the NE ¼ of the SE ¼, Section 22, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence run South 440 feet more Or less for Point of Beginning:  Thence run West 420 feet, North 105 feet, East 420 feet, South 105 feet to Point of Beginning, containing 1.01 acres.

The above three parcels containing a total of 16.845 acres.

(4) Begin at the Southeast corner of the NE ¼ of the SW ¼ of Section 11, Township 1 South, Range 10 West, Vernon Parish, Louisiana, thence north along East line 363

Feet for Point of Beginning:  Thence continue north along said east line 165 feet, Thence west parallel to south line 1320 feet more or less to a point on west line NE ¼ of SW ¼ , thence south along said west line 165 feet, thence east 1320 feet More or less to Point of Beginning, containing 5 acres.

# Vernon Parish Recording Page

**Willie Deon**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA 71446
(337) 238-1384

**Received From :**

**First VENDOR**

LION HEART TRUST

**First VENDEE**

MIDKIFF IRENE

| | | |
|---|---|---|
| Index Type : Conveyances | | Inst Number : 605012 |
| Type of Document : Deed | | |
| | | Book : 1277     Page : 113 |
| Recording Pages : 1 | | |

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Vernon Parish, Louisiana

On (Recorded Date) : 03/05/2008

At (Recorded Time) : 12:00:00AM

CLERK OF COURT
WILLIE DEON
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/05/2008 at 12:00:00
Recorded in Book 1277 Page 113
File Number 605012

Deputy Clerk

Doc ID - 001572520001

GOVERNMENT'S
EXHIBIT
5
PENGAD 800-631-6989

**Return To :**

Do not Detach this Recording Page from Original Document

See instrument number _623172_
for correction of this document filed
_May 12, 2010_
_Barbara Cotton_
Deputy Clerk of Court

605012

DEED

**FILED**

2009 MAR 5 AM 11 09
_Leuela S. Chaney_
BY. CLERK OF COURT
VERNON PARISH, LA.

For Recorders Use Only

The Trustee of the LION HEART TRUST, at 1401 14th Ave SE, Forest Lake, Minnesota
State 55025

for and in consideration of the sum of one dollar and other good and valuable
considerations, the receipt of which is hereby acknowledged, hereby sets over, release,
transfers, assigns, exchanges and conveys in fee simple unto Irene Midkiff, 1746 Cotton
Wood Road, Leesville, Louisiana, 71446 of the Parish of Vernon the following described
real estate:

(1)     Begin at the Southeast corner of the NE ¼ of the SW ¼ of Section 11, Township
1 South, Range 10 West, Vernon Parish, Louisiana, Thence north along east line 363 feet
for Point of beginning: Thence south along said west line 165 feet, thence east 1320 feet
more or less to a point on west line NE ¼ of SW ¼, thence south along said west line 165
feet, thence east 1320 feet More or less to point of Beginning, containing 5 acres.

Subject to unpaid taxes and all matters of record, together with the tenements,
hereditaments and appurtenances belonging or in any wise thereunto appertaining.

Permanent Real Estate Index Number(s):_____

Address(s) of real estate: 1746 Cottonwood Road, Leesville, Louisiana (71446)

TO HAVE AND TO HOLD unto grantee, its heirs, successors and assigns, forever.

Dated this _28th_ day of _February_, 2008.

Signed: _David Schmitt_ Trustee

LIONHEART TRUST

Witness: _Irene Midkiff_

Witness: _Donna Midkiff_

Subscribed and sworn to before this _25_ day of _February_, 2008.

_Notary Public_

PACHIA MOUA
Notary Public
Minnesota
My Commission Expires January 31, 2011

∽∽∽**113**

# ernon Parish Recording Page

**Willie Deon**
**Clerk of Court**
Court House
215 South 4th St
Leesville, LA  71446
(337) 238-1384

**Received From :**

**First VENDOR**

LIONHEART TRUST

**First VENDEE**

LIONHEART TRUST

**Index Type :**   Conveyances

**Type of Document :** Trust

**Recording Pages :**              1

**Inst Number :** 585566

**Book :**  1188      **Page :**   65

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for  Vernon Parish, Louisiana

On (Recorded Date) : 01/06/2006

At (Recorded Time) : 12:00:00AM

Doc ID - 001438510001

CLERK OF COURT
WILLIE DEON
Parish of Vernon
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 01/06/2006 at 12:00:00
Recorded in Book  1188   Page    65
File Number      585566

Deputy Clerk

GOVERNMENT'S
EXHIBIT
6
PENGAD 800-631-6989

**Return To :**

Do not Detach this Recording Page from Original Document

585566

**CERTIFICATE OF TRUST AGREEMENT BY CONTRACT**

FILED

2006 JAN 6 PM 2 52

_~Juila S. Chaney~_

DY. CLERK OF COURT
VERNON PARISH, LA.

State of _Minnesota_ )
County of _Wright_ )  ss

The undersigned Settlor hereby certifies the following:

1. This Certificate of Contract Trust Agreement relates to the "LIONHEART TRUST", dated December 5th, 2005, the "LIONHEART TRUST" created by a Contract Trust Agreement titled the "LIONHEART TRUST" and executed by Mark David Maxwell.

2. The name of the Settlor is Mark David Maxwell.

3. The name of the original Trustee is David Curtis Schmidt.

4. The name and address of each Trustee empowered to act under the Contract Trust Agreement at the time of the execution of this Certificate, or Attorney In-Fact of said Contract Trust are:

> Primary: David Curtis Schmidt
> c/o 1401 14th Ave SE
> Forest Lake, Minnesota (55025)

5. The Trustee(s) are authorized by the Trust Agreement to sell, convey, pledge, mortgage, lease, manage, operate, control, transfer title, divide, convert or allot the Contract Trust property, including real and personal property and to sell upon deferred payments except as limited by the following (if none, so indicate): NONE

6. The Contract Trust Agreement cannot be revoked.

7. The undersigned hereby represents that the statements contained in this Certificate of Contract Trust Agreement are true and correct, and that there are no other provisions in the Contract Trust Agreement or amendments to it that limit the powers of the Trustee to sell, convey, pledge, mortgage, lease, manage, operate, control, transfer title, divide, convert, allot or sell upon deferred payments trust property, including real and personal property.

8. This Contract Trust cannot be revoked, but may be modified, or amended in any manner by the trustee(s), but not of which would cause the representations in this Certification of Contract Trust to be incorrect.

David Curtis Schmidt
Trustee

Subscribed and sworn to before me this _5th_ day of _Dec._, 2005.

Notary Public

> BRADLEY J. FREIMARK
> NOTARY PUBLIC-MINNESOTA
> My Commission Expires Jan. 31, 2010

· · ·065